IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 16, 2010 Session

## ROY ODOM v. LISA ODOM

**Appeal from the Circuit Court for Williamson County**
**No. 05735      James G. Martin III, Judge**

**No. M2010-00708-COA-R3-CV - Filed October 26, 2010**

Father appeals the denial of his Tenn. R. Civ. P. 60 motion to void an order appointing a parenting coordinator. We find that the appeal is now moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellant, Roy Odom.

Joanie Lucie Abernathy, Franklin, Tennessee, for the appellee, Lisa Odom.

## OPINION

Roy Odom ("Father") and Lisa Odom ("Mother") were divorced in 2004. The parties were awarded joint custody of their child. The details of the order are not relevant to this appeal.

On June 7, 2007, Mother filed a petition to modify the parenting plan and child support. She sought, among other things, changes in the parenting time and decision-making arrangements, new provisions regarding the exchange of the child and phone calls, and an adjustment in child support. Twelve days later she amended the petition to request that Father's visitation be suspended. Father responded with a counter-petition to modify the parenting plan by changing, among other things, the designation of primary residential parent to him during the school year. He also sought various restrictions on Mother's conduct.

On February 25, 2009, an agreed order was entered appointing Dr. David McMillan as a parenting coordinator and family counselor. The order required the parties to meet with

Dr. McMillan and follow his recommendations. Furthermore, the order stated that "Dr. McMillan shall have the authority to mandate a decision as he deems appropriate, which shall take effect immediately." If either party was dissatisfied with Dr. McMillan's "role or decision," the party could apply to the trial court for relief. Finally, the order stated that, "the appointment of the Parenting Coordinator does not divest the Court of its exclusive jurisdiction to determine fundamental issues of custody, visitation and support, or the authority to exercise management and control of this case."

In January 2010, Father filed a Tenn. Rule of Civ. P. 60 motion to set aside the February 25, 2009 order. He claimed that the February 2009 order was void because the trial court had no authority to delegate its authority to Dr. McMillan, and that, even if the order were valid, Dr. McMillan abused his authority. The trial court determined that the order was not void because either party could seek relief from the court and that the court had expressly retained its exclusive jurisdiction over custody, visitation and support issues. The trial court also held that the Rule 60 motion was not timely filed. Therefore, the motion was denied and this appeal was filed.

Mother maintains that subsequent proceedings rendered this appeal moot. In the trial court's order denying the Rule 60 motion, the court observed that "Father's remedy is to ask the Court for relief from Dr. McMillan's decision." Father quickly filed a motion for reinstatement of visitation and other relief. After a hearing which included testimony from Dr. McMillan, the trial court restored the parenting plan and terminated Dr. McMillan's services.

An issue will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005); *see also Knott v. Stewart County*, 207 S.W.2d 337, 338-39 (Tenn. 1948). Determining whether a case or an issue has become moot is a question of law, reviewed de novo with no presumption of correctness. *Nicely*, 182 S.W.3d at 338-39.

Father argues that the issue is not moot because the propriety of the appointment of a parenting coordinator is of great importance to the administration of justice and nothing prohibits the court from appointing another parenting coordinator in this case. We do not find these reasons sufficient to justify this court delving into what now amounts to a hypothetical controversy between these parties. While we confess that we have been made aware of no legal authority for the appointment of a parenting coordinator, nothing in the record suggests that the trial court is contemplating appointing another parenting coordinator. Furthermore, it seems unlikely that Father would ever agree to one again. The abstract possibility that a trial court would appoint a parenting coordinator in another case does not

support addressing the issue in this case, where the appellate relief Father seeks has essentially been granted by the trial court in subsequent proceedings.

This case is moot. The appeal is dismissed. Costs of appeal are assessed against Roy Odom, the appellant, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE