# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 27, 2012 Session

## GOSSETT MOTOR CARS, LLC  v. HYUNDAI MOTOR AMERICA, INC.
### ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 101449III      Ellen H. Lyle, Chancellor**

_____

**No. M2011-01769-COA-R3-CV - August 2, 2012**

_____

This appeal concerns a car dealership's protest of Hyundai's proposal to enter into a franchise agreement with another dealership in the same market area. During the pendency of a contested case proceeding, the Tennessee Motor Vehicle Commission issued a license to the second dealership, which began doing business. Denied relief at the administrative level, the protesting dealership filed a petition in chancery court. The chancellor found that the motor vehicle commission had erred in dismissing the contested case proceeding of the protesting dealership, but dismissed the petition based upon the conclusion that the matter was now moot. We agree with the chancellor's conclusion and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Gary E. Veazey and Samuel J. Muldavin, Memphis, Tennessee, for the appellant, Gossett Motor Cars, LLC.

Jon D. Ross and Gerald Neenan, Nashville, Tennessee, for the appellee, Hyundai Motor America, Inc.; James William Cameron and Patrick W. Merkel, Brentwood, Tennessee, for the appellee/intervenor, Homer Skelton Auto Sales, LLC; and Mary Ellen Knack, Nashville, Tennessee, for the appellee/intervenor, Tennessee Motor Vehicle Commission.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Gossett Motor Cars, LLC ("Gossett") is a Hyundai dealer in the Memphis area. On August 8, 2008, Gossett received a letter from Hyundai Motor America ("Hyundai") notifying Gossett of Hyundai's intent to grant a Hyundai franchise to another dealer in Gossett's relevant market area. On August 22, 2008, Gossett sent a letter to the Tennessee Motor Vehicle Commission ("TMVC") as "an official protest of the proposed addition" of an additional Hyundai franchise in its relevant market area. TMVC received the letter on August 26, 2008.

On or about September 15, 2008, a TMVC attorney faxed a copy of Gossett's protest letter to Hyundai. On November 19, 2008, a TMVC attorney filed a petition for a contested case proceeding with the Administrative Procedures Division of the Secretary of State's Office and served the petition on Gossett and Hyundai. Homer Skelton Auto Sales, LLC ("Skelton"), the proposed new Hyundai dealer, was permitted to intervene in the case as an interested party.

On February 27, 2009, Hyundai filed a motion to dismiss the case based upon Gossett's failure to serve Hyundai with the protest letter within 30 days of Hyundai's notification of intent to franchise another dealership. The motion was heard by an administrative law judge ("ALJ") on March 13 and 30, 2009. In an initial order entered on April 6, 2009, the ALJ granted Hyundai's motion to dismiss the contested case proceeding for lack of service of process on Hyundai and stated that Hyundai "may proceed pursuant to Tenn. Code Ann. § 55-17-114(c)(20) to grant the proposed new Hyundai franchise or dealership point in Bartlett, Tennessee to Homer Skelton."

Gossett filed a motion for reconsideration of the ALJ's initial order on April 8, 2009. On April 13, 2009, Gossett filed a petition for a stay of the ALJ's initial order to prevent Hyundai from granting an additional franchise to Skelton and to prevent Skelton from receiving a dealership license from the TMVC until Gossett could exhaust its administrative remedies. On April 24, 2009, the ALJ issued an order denying Gossett's petition for reconsideration and its motion for a stay. Gossett had until May 11, 2009 to appeal this order.

On or about May 6, 2009, administrative personnel at the TMVC granted Skelton a license to operate its Hyundai dealership. On May 11, 2009, Gossett filed a petition for appeal of the ALJ's initial order. The ALJ held a hearing on all pending matters on August 14, 2009, but did not issue a final order until July 7, 2010. The ALJ concluded that the

contested case was properly dismissed for failure to service Hyundai with process, that Hyundai had not waived service of process, and that Gossett could not initiate contested case proceedings without an attorney. The ALJ also concluded that the appeal of the initial order was properly heard by the ALJ. As to Gossett's petition for stay, the ALJ acknowledged that the previous decision denying the petition for stay as untimely was erroneous, but went on to deny the petition for stay on its merits.

On September 3, 2010, Gossett filed a petition for writ of certiorari in Davidson County Chancery Court. Hyundai and Skelton filed motions to dismiss Gossett's petition because it should have been filed as a petition for review instead of as a petition for certiorari. The chancellor denied these motions based upon a finding that Gossett's petition was sufficient to state a claim for judicial review. After a hearing in June 2010, the chancery court entered a memorandum and order on July 19, 2011. The court concluded that Gossett's protest letter was sufficient to commence a contested case proceeding and that Gossett was not required to serve Hyundai within 30 days of receipt of the notice of a proposed new dealership. The court also determined that the filing of a protest did not require the assistance of counsel and that Gossett's appeal of the final order should have been heard by the TMVC, not by the ALJ. Despite all of these rulings in favor of Gossett's position, the court found that the case was now moot and therefore ordered that the petition for review be dismissed with prejudice.

On appeal, Gossett argues that the chancery court erred in dismissing the petition for review after finding that the ALJ had erroneously dismissed Gossett's administrative protest. In addition to arguing that the case is indeed moot, Hyundai asserts that Gossett's protest letter did not meet the requirements for initiating a contested case; that Gossett failed to initiate a contested case proceeding because Gossett never served Hyundai with the protest letter, because Gossett did not request a hearing, because Al Gossett (the owner of Gossett Motor Cars) engaged in the unauthorized practice of law in filing the protest letter, and because the letter did not state a claim for which relief could be granted; and that the applicable laws required the ALJ, rather than the TMVC, to adjudicate the procedural questions at issue. Intervenor Skelton additionally argues that Skelton has a property right in its dealer license, that TMVC should be estopped from challenging the dismissal, and that Al Gossett lacked standing to file the protest.

ANALYSIS

The defendants maintain that Gossett's action is moot—that we cannot "unwind" the issuance of Skelton's dealership license and the franchise agreement between Hyundai and Skelton. The issue of whether the chancery court erred in dismissing the case as moot is a question of law, which we review de novo with no presumption of correctness. *State ex rel.*

*DeSelm v. Jordan*, 296 S.W.3d 530, 533 (Tenn. Ct. App. 2008); *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005).

A case will be considered moot "if it no longer serves as a means to provide relief to the prevailing party." *Foster Bus. Park, LLC v. J & B Inv., LLC*, 269 S.W.3d 50, 57 (Tenn. Ct. App. 2008) (quoting *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994)). Consequently, "a suit brought to enjoin a particular act becomes moot once the act sought to be enjoined takes place." *Traughber*, 884 S.W.2d at 137. In order to determine whether the case is moot, we must examine the change in circumstances from the beginning of the litigation and whether the change prevents meaningful relief. *Id*.

This matter began with Gossett's August 22, 2008, protest letter sent to the TMVC opposing the proposed additional Hyundai franchise. About three months later, a TMVC attorney filed a petition for a contested case proceeding on the same issue; the petition states that Gossett requested that the TMVC "not allow [Hyundai] to establish a competitive dealer in [Gossett's] relevant market area." Eventually, Hyundai's motion to dismiss the contested case was granted. The ALJ expressly stated that the company could proceed to grant the new franchise to Skelton. Gossett filed a petition for a stay which was denied April 24, 2009. The TMVC granted Skelton a dealership license May 6, 2009, during the period Gossett had to filed an appeal of the ALJ's initial order with the administrative procedures division. Gossett did file an appeal. During the pendency of this administrative appeal, Skelton, having received a license from TMVC, moved ahead with opening his dealership.[1] The ALJ's initial decision was upheld and a stay request from Gossett was denied again. The next appeal was to the chancery court. Significantly, no stay was requested from the court.

We understand Gossett's frustration. Gossett lost before the ALJ and Skelton received a license and dealership. On appeal, the chancery court held for Gossett on the issues that the ALJ used to dismiss the contested case, but then held that the case was moot. Gossett won the battle but lost the war. As the reply brief plaintively says, "all Gossett wants is for its § 55-17-114(c)(20) protest to be heard to determine whether HMA wrongfully granted a Hyundai franchise to Skelton within Gossett's relevant market area."

As we see it, the case boils down to this: Gossett filed the protest and the TMVC attorney filed the contested case to stop the granting of a franchise/dealership to Skelton; nevertheless, the TMVC went ahead and issued a dealership license to Skelton, and Skelton's

---

[1]The actions of the TMVC in this matter appear less than competent. While Gossett's contested case was still pending, the TMVC saw fit to issue a license to Skelton, thereby allowing the new dealership to proceed despite the ongoing administrative appeal in the TMVC as to the propriety of a second dealership in the same market area.

dealership had been in operation for over two years when the chancery court made its mootness decision. Thus, the act that Gossett sought to enjoin had taken place. This is a horse that is now out of the barn, a bell that cannot be unrung.

The possibility of other relief, such as license revocation, was not raised in this matter until this appeal. In the reply brief, Gossett indicates that it "is not asking the Appellate Court, the Chancery Court or even the TMVC to order HMA or Skelton to pay damages or fines, or to revoke or suspend their licenses." Consequently, there is no other relief possible in the instant case. Because a case is moot if it "no longer serves as a means to provide some sort of judicial relief," *Nicely*, 182 S.W.3d at 338, we find that this case is moot.

We also find that the matter does not meet the mootness exception for issues "capable of repetition yet evading review." *See Traughber*, 884 S.W.2d at 137. The unique circumstances of this case are unlikely to occur again. A mere theoretical possibility is not sufficient to invoke the exception. *Nicely*, 182 S.W.3d at 340. Furthermore, we do not believe the chancellor made an inappropriate determination under Tenn. Code Ann. § 55-17-114(c)(20). The finding of mootness pretermitted that issue.

Given our conclusion that this appeal is moot, we decline to address the remaining issues raised by the parties.

CONCLUSION

We affirm the decision of the chancery court and assess costs of the appeal against the appellant. Execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE