IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 17, 2016 Session

**DIANE C. HANSON v. GARY D. MEADOWS**

**Appeal from the Chancery Court for Rutherford County**
**No. 14CV661     David M. Bragg, Chancellor**

_____

**No. M2015-00854-COA-R3-CV-Filed March 15, 2016**

_____

The mother of two minor children filed a petition on May 5, 2014, in the Chancery Court of Rutherford County seeking an order of protection against the children's father for her benefit and for the benefit of their two minor children. When the petition was filed, the parties were operating under a parenting plan from Wisconsin state courts, and the Chancery Court of Rutherford County exercised only temporary emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, Tenn. Code Ann. §§ 36-6-201 to -243. The chancery court granted the petition pending an evidentiary hearing. Unfortunately, the matter stalled for eleven months due to pending criminal charges against the father arising out of the same incident. Following the evidentiary hearing in April 2015, the trial court extended the order of protection as to the mother but dismissed the petition as to the children on the finding the children were not in any danger. Mother appealed. At oral argument, both parties informed the court that custody modification proceedings were ongoing in Tennessee and that the parenting plan had been temporarily modified pending discovery and a full hearing. The only issues on appeal pertain to the welfare of the parties' two minor children. The chancery court now has jurisdiction over the order of protection, which was filed two years ago, and exclusive, continuing jurisdiction over the parenting plan; therefore, the chancery court is responsible for ruling on all current issues concerning the welfare of the children. For these reasons, we conclude the limited issues on appeal are moot because we are unable to provide meaningful relief. Our ruling on the order of protection could conflict with recent rulings by the chancery court that are based on current events, as distinguished from the singular incident on appeal that is now two years old. Therefore, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which W. NEAL MCBRAYER and BRANDON O. GIBSON, JJ., joined.

Diane C. Hanson, Lavergne, Tennessee, Pro se.

Kirk D. Catron, Murfreesboro, Tennessee, for the appellee, Gary D. Meadows.

## MEMORANDUM OPINION[1]

Diane C. Hanson ("Mother") and Gary D. Meadows ("Father") are the parents of two minor children. They formerly resided with the children in the State of Wisconsin. A Wisconsin court granted the parties a divorce in 2002 and established a parenting plan. Thereafter, the parties reconciled and lived together with the children from 2010 to 2014, but they did not remarry. As of May 4, 2014, when the incident giving rise to these proceedings occurred, the parties were living together in Tennessee. Nevertheless, Wisconsin retained exclusive, continuing jurisdiction over the parenting plan and issues concerning the welfare of the children because there had not been a judicial determination that the parties and their children no longer resided in Wisconsin. *See* Wis. Stat. Ann. § 822.22; Tenn. Code Ann. § 36-6-217(a).

On May 5, 2014, Mother filed a Petition for Order of Protection against Father on behalf of herself and the parties' two minor children. The petition referenced a May 4, 2014 incident in which Father was charged with domestic violence and possession of illegal drugs. The Chancery Court for Rutherford County, Tennessee, issued an ex parte order of protection for the benefit of Mother and the children and scheduled an evidentiary hearing for May 19, 2014. However, the evidentiary hearing was continued by agreement for eleven months due to criminal charges against Father arising out of the May 4, 2014 incident.

The evidentiary hearing was held on April 6, 2015. While there is no transcript of the evidence from the evidentiary hearing, we have the benefit of a statement of the evidence, which reveals that Wisconsin had exclusive, continuing jurisdiction over the children. Mother testified that Father "became enraged" on May 4, 2014, and demanded that she leave the house. When Mother left, Father "followed her outside and began yelling at her." A neighbor called the police. Mother re-entered the home and received injuries to her face, arm, and knee. When Father testified at the hearing, he admitted to "abuse and drugs in the home" and that he "had charges for these two items." Father denied abusing the children.

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On April 8, 2015, the trial court extended the protective order as to Mother until April 6, 2016. The court found that Father had abused or threatened to abuse Mother based on Father's admissions about the May 4, 2014 incident and his subsequent plea of guilty to domestic violence charges.

With regard to the children's order of protection, the trial court found that it had only temporary emergency jurisdiction of the children because a Wisconsin court had already issued a parenting plan that was in effect. *See* Tenn. Code Ann. § 36-6-219(a). The trial court then dismissed the order of protection as to the children based on the finding that the children were not in any danger. The court ordered that Mother "will have custody" of the parties' children and that the children were to remain "in their current placement until the end of the current academic semester at which point the parties shall follow the last [Wisconsin] court ordered parenting plan." The court also directed that Father "may have contact with the minor children either in person or by phone . . . ." Mother appealed the dismissal of the order of protection for the benefit of the children.

## ANALYSIS

As the trial court correctly ruled, at the time of the trial court proceedings in May of 2014 and April of 2015, Wisconsin still had exclusive, continuing jurisdiction, and the Chancery Court of Rutherford County only had temporary emergency jurisdiction. *See* Tenn. Code Ann. § 36-6-219(a). That is no longer the case.

At oral argument, both parties indicated that custody proceedings were ongoing in the Chancery Court for Rutherford County ("the trial court"). Mother reported that a "temporary hearing" occurred in Tennessee after the order of protection hearing and that the parenting plan was modified to allow their oldest child to live with Mother's sister in Wisconsin and "just get two weeks of visitation in the summer." Mother also stated that the older child now has "very limited time" with Father.

Father's attorney represented that both parties had filed petitions in the trial court, that a guardian *ad litem* had been appointed, and that the parties were conducting discovery while awaiting a trial on the parenting plan and other related issues.

Also significant to this appeal is that Mother's order of protection will expire on April 6, 2016, unless extended. For that to occur, Mother has to return to the same court that now has jurisdiction over the parenting plan, the trial court. Thus, any relief Mother may seek to obtain, whether that is to extend her order of protection or to seek relief for the benefit, safety, or welfare of the children, is available in one court, the trial court.

This brings us to the issue of mootness. The requirements for litigation to continue are essentially the same as the requirements for it to begin. *All. for Native Am. Indian Rights in Tennessee, Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005). Accordingly, a case must remain justiciable throughout the entire course of litigation, including an appeal. *Id.* A case ceases to be justiciable and becomes moot when it no longer serves as a means to provide meaningful judicial relief to the prevailing party. *Id.* "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing 13A Fed. Prac. & Proc. § 3533.3 (2d ed. 1984)).

Here, the pendency of custody proceedings before the trial court represents a change in circumstances that forestalls the need for meaningful relief. *See id.* Because custody and related proceedings are ongoing in the trial court, a ruling on the order of protection could conflict with the trial court's recent rulings, which are based on current events as distinguished from the singular incident on appeal that is now two years old. Consequently, there is no meaningful relief that this court can grant at this time, and this appeal is dismissed as moot.

## IN CONCLUSION

The appeal is hereby dismissed, with costs of appeal assessed equally against the parties.

_____
FRANK G. CLEMENT, JR., JUDGE