IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 4, 2016

**IN RE WALTER PETERSON, JR.**

**Appeal from the Chancery Court for Hamilton County**
**No. 15-G-007        Pamela A. Fleenor, Chancellor**

_____

**No. E2015-01211-COA-R3-CV-FILED-NOVEMBER 15, 2016**

_____

Wife challenges the trial court's decision authorizing the Department of Human Services to take her husband into protective custody pursuant to the Adult Protection Act. Because, after the trial court's decision, the adult taken into protective custody was released from DHS custody and later died, we have determined that this appeal is moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Pamela R. O'Dwyer, Chattanooga, Tennessee, for the appellant, Sheila Peterson.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Blumstein, Solicitor General; and Kathryn A. Baker, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Human Services.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2015, the Department of Human Services ("DHS") applied for and was granted a search warrant to enter the home of Dr. Walter Peterson, Jr.[1]  The application alleged, in part, that DHS had received a report that Dr. Peterson was being abused or neglected by his wife and son.  DHS and law enforcement officers entered the Peterson home on January 23, 2015.  According to DHS, Dr. Peterson consented to be removed from the home to receive medical care; he was then hospitalized.

_____

[1] Although the record in this case includes volumes of testimony, our resolution of this appeal does not require that we give a detailed accounting of all of the facts.  Thus, we will provide only a summary of the facts and the procedural history of the case.

On January 29, 2015, DHS petitioned the chancery court for authorization to consent to protective services for Dr. Peterson under the Tennessee Adult Protection Act, Tenn. Code Ann. §§ 71-6-101–124. The same day, the chancery court ordered that, pending a final hearing, DHS would have protective custody of Dr. Peterson. The court also appointed a temporary financial guardian, an attorney ad litem, and a guardian ad litem. Dr. Peterson's wife, Sheila Peterson, opposed the grant of protective custody and moved for the dismissal of the action and the immediate release of Dr. Peterson. Dr. Peterson was subsequently moved to a rehabilitation facility.

After a five-day trial, the court entered an order on March 12, 2015 in which it ruled that Dr. Peterson lacked the capacity to consent to protective services, was in imminent danger, and was "in need of protective services for purposes of medical treatment and to prevent neglect." The court appointed a temporary guardian for purposes of consenting to protective services as well as a temporary guardian for financial purposes. On May 26, 2015, the court entered an order ruling on several motions, including Mrs. Peterson's motion to alter or amend the March 12, 2015 order authorizing the consent to protective services and appointment of a temporary financial guardian for Dr. Peterson. In its final order, the chancery court reiterated its conclusion that Dr. Peterson lacked capacity to consent, was in imminent danger, and needed protective services. Mrs. Peterson appealed.

Based upon medical evidence presented at a hearing on July 9, 2015, the chancery court found that it was safe and in Dr. Peterson's best interest for him to return home under the care of his wife. In an order dated July 10, 2015, the court decreed that Dr. Peterson be discharged from the rehabilitation facility, that DHS be responsible for monitoring his care on a weekly basis, and that he remain under the protection of the court. On September 9, 2015, the chancery court terminated the protective order, guardianship, and home monitoring of Dr. Peterson. On July 28, 2016, Dr. Peterson died.[2]

ISSUES ON APPEAL

Mrs. Peterson, the appellant, raises the following issues on appeal:

(1) Whether the trial court's failure to apply the legal requirements of the Adult Abuse Statute, which requires that the court impose the "least restrictive" means available for protecting the life of the adult, was legal error or an abuse of discretion.

(2) Whether the trial court erred in the application of the Adult Abuse

---

[2] This Court learned of Dr. Peterson's death as a result of a motion to consider post-judgment facts filed by DHS pursuant to Tenn. R. App. P. 14 in September 2016. The motion was unopposed, and we hereby grant the motion.

Statute, Tenn. Code Ann. § 71-6-107, which gives the respondent the right to participate in the process, when it quashed Sheila Peterson's subpoena for respondent's participation in person or to give testimony by deposition.

(3) Whether the trial court abused its discretion by the denial of access to medical evidence necessary to defend against the conservatorship when it quashed the appellant's subpoena for Dr. Peterson's medical records to Memorial Hospital and to NHC's Dunlap-Sequatchie Nursing Home.

(4) Whether the trial court abused its discretion by allowing a petition for protective order against a non-party to be heard in the conservatorship matter resulting in a delay of Dr. Peterson's release.

DHS argues that these issues are moot in light of events that occurred after the chancery court entered its order.

## ANALYSIS

We have determined that, in light of the nature of the relief sought and events that have occurred since the order on appeal, the appeal is moot.

The determination of whether a case is moot presents a question of law. *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

The mootness doctrine is rooted in the idea that it is "'the province of a court . . . to decide, not advise, and to settle rights, not to give abstract opinions.'" *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009) (quoting *State v. Wilson*, 70 Tenn. 204, 210 (1879)). Thus, courts limit their role to deciding "'legal controversies.'" *Id.* (quoting *White v. Kelton*, 232 S.W. 668, 670 (Tenn. 1921)). A proceeding constitutes a legal controversy "when the disputed issue is real and existing, and not theoretical or abstract, and when the dispute is between parties with real and adverse interests." *Id.* (citations omitted). A case will be considered moot if it "no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Id.* at 204. A case that no longer presents a current, live controversy has lost its justiciability and is moot. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Cases must remain justiciable throughout the entire course of the litigation, including the appeal. *Id.*

Mrs. Peterson appeals from the March 12, 2005 order granting DHS protective custody of Dr. Peterson, which became final upon entry of the May 26, 2005 order on the motions to alter or amend. On appeal, she requests reversal of the March 12, 2005 order granting DHS custody of Dr. Peterson and challenges the trial court's denial of her

subpoenaes to require Dr. Peterson to testify by deposition and to allow her to obtain certain medical records.[3]  Subsequent to the filing of this appeal, Dr. Peterson was released from the rehabilitation facility and went home to the care of his wife; later, the court terminated DHS's protective custody.  Dr. Peterson died in July 2016.

This appeal no longer serves as a means of providing relief to Mrs. Peterson.  The reversal of the order placing Dr. Peterson under the protective custody of DHS, and the court's decisions regarding Dr. Peterson's deposition testimony and the subpoena of certain evidence in the course of that proceeding, would have no practical effect at this point in light of the fact that Dr. Peterson is deceased.  Moreover, even if Mrs. Peterson were to prevail, she would have no right to recover attorney fees and costs against DHS.  The State is immune from suit for monetary damages unless it explicitly abrogates or waives its immunity.  TENN. CONST. art. 1, § 17; Tenn. Code Ann. § 20-13-102(a).  The Adult Protection Act, Tenn. Code Ann. §§ 71-6-101–124, does not provide for an exception to the State's immunity except for limited attorney fees if the adult in need of protective services is indigent or if the complaint or the order of accounting was not properly served.  *See* Tenn. Code Ann. § 71-6-107(a)(4)(C)-(D), (6)(D); *State Dep't of Human Servs. v. Stewart*, No. M2000-00633-COA-R3-CV, 2001 WL 1262607, at *2 (Tenn. Ct. App. Oct. 22, 2001).  The trial court expressly found that Dr. Peterson was not indigent, and there is no assertion or evidence that DHS's petition or the order of accounting was not properly served.

Because Mrs. Peterson's appeal does not serve as a means of providing any relief, we hold that this appeal is moot.  We therefore dismiss the appeal.[4]

---

[3] We decline to address Mrs. Peterson's fourth issue as it involves events that occurred after the final order on appeal was filed on May 26, 2015.  The petition for a temporary restraining order and a permanent injunction against Geoffrey Peterson (the Petersons' son), the matter about which Mrs. Peterson complains, was not filed until July 30, 2015.

[4] Mrs. Peterson filed a late reply brief in this matter.  The appellee's brief was filed on September 15, 2016 and, pursuant to Tenn. R. App. P. 29(a), Mrs. Peterson had 14 days from the filing of this brief to serve and file her reply brief.  Mrs. Peterson's reply brief was not filed until October 21, 2015.  On this ground alone, we may decline to consider the reply brief.  Moreover, in arguing that the appeal is not moot, Mrs. Peterson raises issues that were not raised in her original brief. For example, she asserts, without any authority or citation to the record, that "the State of Tennessee failed to protect the parties' marital estate by causing Dr. Peterson to be admitted as a private patient rather than by Medicare."  The purpose of a reply brief is to "reply to the brief of the appellee."  TENN. R. APP. P. 27(c).  A reply brief is "not a vehicle for raising new issues." *Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007); *see also Artist Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 220 n.5 (Tenn. Ct. App. 2013).  For all of these reasons, we consider the issues in Mrs. Peterson's reply brief to be waived.  *See Artist Bldg.*, 435 S.W.3d at 220 n.5.

CONCLUSION

The appeal is dismissed. Costs of appeal are assessed against the appellant, Sheila Peterson, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE