FILED

09/27/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 6, 2017 Session

## IN RE ESTATE OF JAMES KEITH OWEN

**Appeal from the General Sessions Court for Rutherford County**
**No. 1      Tolbert Gilley, Judge**

_____

### No. M2017-00656-COA-R3-CV

_____

In this case challenging the trial court's interpretation of the notice requirements of Tenn. Code Ann. § 30-2-306(d), we find the notice issue moot because the trial court found that the petitioner's claim was without merit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

John Robert Toy, II, Murfreesboro, Tennessee, for the appellant, James Lee Owen.

Mark Allen Polk and Amy Broom Pollina, Murfreesboro, Tennessee, for the appellees, Cristina Amanda Utti-Hodge and Estate of James Keith Owen.

### MEMORANDUM OPINION[1]

James Keith Owen ("the decedent") died on July 15, 2015. His will was probated and his estate was closed on February 25, 2016. On July 14, 2016, the decedent's father, James Lee Owen ("the petitioner"), filed a petition to reopen the closed estate asserting that he was a creditor of the estate and never received actual notice of the right to file

_____

[1] Tennessee Court of Appeals Rule 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

claims against the estate under Tenn. Code Ann. § 30-2-306(d).[2] The petitioner filed a verified claim against the estate in the amount of $155,000 for a cash loan designated "to build spec houses." The trial court reopened the estate to receive the petitioner's claim, and the executrix of the estate filed an exception to the petitioner's claim asserting that the claim was "not substantiated by sufficient documentation to show that the decedent owed any money to him" and that it was time-barred.

The trial court held a hearing on November 14, 2016 and heard testimony from Cristy Owen, daughter of the petitioner and sister of the decedent, and from the petitioner. The court made the following findings:

1. The matter that is before the Court initially started out as a claim for a loan.
2. There has been no evidence submitted to the Court that provides proof of a loan.
3. Cristy Owen testified that she told her brother that he needed to pay money back to their father and, apparently, the decedent advised that he would not.
4. *There is no proof of a loan between the decedent and the claimant.*
5. The Claimant's pleadings have evolved from being a claim for a loan to theories based on unjust enrichment, constructive trust, and resulting trust, and express trust.
6. There is no evidence of a constructive trust because there is no evidence of fraud or constructive fraud.
7. With regard to the existence of a resulting trust or an express trust, the only information that has been provided to the Court by the standalone documents, over the objection by counsel, is that money was removed from one account and money went into another account.
8. The Court finds that the Whipple vs. McCue case and the Williams vs. Frazier case that were cited by Attorney for the Claimant are not controlling or applicable in this situation.

---

[2] Tennessee Code Annotated section 30-2-306(d) provides as follows:

In addition, it shall be the duty of the personal representative to mail or deliver by other means a copy of the published or posted notice as described in subsection (b) to all creditors of the decedent of whom the personal representative has actual knowledge or who are reasonably ascertainable by the personal representative, at the creditors' last known addresses. This notice shall not be required where a creditor has already filed a claim against the estate, has been paid or has issued a release of all claims against the estate.

9. Even if the Court was to determine that there was a trust whether resulting, express, constructive, or otherwise, all claims still must be timely filed.

10. Claimant's claims are based on equity. However, even in matters of equity, a claim must be filed timely.

11. The only notice that the Executrix received regarding potential of a valid debt, which would trigger the one (1) year statute of limitations as opposed to the four (4) month statute, is that on November 13, 2015, Attorney Hank Griffin left a message for Attorney Pollina regarding said estate. Attorney Pollina and Attorney Griffin communicated by email thereafter regarding the alleged debt owed to the decedent's father. Attorney Pollina advised that Mr. Owen would need to seek assistance from a Tennessee attorney regarding any matter he wished to file in Probate Court.

12. James Lee Owen contacted Attorney Amy Pollina on November 12, 2015, inquiring about the debt and whether the decedent [left] a Will. Mr. Owen advised that he learned of his son's death through a Discover account. Mr. Owen advised that he and his son were estranged and he had a claim to file against his son's estate.

13. During the course of the conversations, neither Mr. Owen nor Attorney Griffin provided proof of the alleged contract or debt purportedly owed to James Lee Owen.

14. The Court finds that there was no reasonable basis for the Estate to be aware of any potential valid legal debt that would trigger Tenn. Code Ann. § 30-2-307, the one (1) year statute in this situation that would require the Executrix to provide actual notice to the creditor in accordance with Tenn. Code Ann. § 30-2-306(d) when the alleged creditor in this situation had already reached out to Counsel for the Executrix.

15. In this situation the notice to creditors being filed was sufficient for the alleged debt.

16. James Lee Owen failed to file a claim within the prescribed four (4) months even though his attorney was notified of the situation.

(Emphasis added). Based upon these findings, the trial court ordered that the claim filed by Mr. Owen be dismissed.

On appeal, Mr. Owen argues that the trial court erred in interpreting Tenn. Code Ann. § 30-2-306(d) to require a creditor to provide a personal representative with proof of a contract or debt before the representative must mail a copy of the published notice to the creditor. The estate asserts that the issue raised by Mr. Owen is moot because the trial court found, after a hearing on the merits, that the petitioner failed to present any

proof of a loan or debt owed by the decedent to the petitioner.  The estate also argues that the trial court correctly interpreted the statute as it applies to the facts of this case.

STANDARD OF REVIEW

We review the trial court's findings of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise."  TENN. R. APP. P. 13(d).  A trial court's conclusions of law are reviewed de novo with no presumption of correctness.  *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).  The determination of whether a case is moot presents a question of law.  *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005).

ANALYSIS

The only issue presented for review by Mr. Owen is a question of law:  whether Tenn. Code Ann. § 30-2-306(d) requires a creditor to provide the personal representative of an estate with proof of a contract or debt before the representative must mail a copy of the published notice to the creditor. Mr. Owen does not contest any of the factual findings made by the trial court.

In its order, the trial court ruled that "[t]here is no proof of a loan between the decedent and the claimant."  The trial court also rejected the equitable theories put forth by Mr. Owen.  Thus, the trial court found no basis for a claim against the estate by Mr. Owen.

Mr. Owen had a hearing on his claim against the estate, and it was denied.  This Court need not address the notice issue.  We will not rule on an issue when that issue is moot.  An issue becomes moot when it "no longer serves as a means to provide some sort of relief."  *Williams v. Williams*, No. M2013-01910-COA-R3-CV, 2015 WL 412985, at *7 (Tenn. Ct. App. Jan. 30, 2015).

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, James Lee Owen.

_____
ANDY D. BENNETT, JUDGE