IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2018 Session

## LORING JUSTICE v. KIM NELSON

**Appeal from the Juvenile Court for Roane County**
**No. 2017-JC-85     Larry Michael Warner, Judge**

_____

### No. E2017-02009-COA-R3-JV

_____

Father appeals the trial court's dismissal of his complaint for modification of the court's order adopting a permanent parenting plan in a previous custody action. Subsequent to Father's filing of this appeal, he filed a similar or identical petition for modification in the original custody action, and the trial court is scheduled to hear that petition prior to the adjudication of this appeal. We have, therefore, determined that this appeal is moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

B. Chadwick Rickman and Linn M. Guerrero Justice, Knoxville, Tennessee, for the appellant, Loring E. Justice.

David Lawrence Valone, Knoxville, Tennessee, for the appellee, Kim Nelson.

### MEMORANDUM OPINION[1]

FACTUAL AND PROCEDURAL BACKGROUND

Kim Nelson ("Mother") and Loring Justice ("Father") are the parents of a son born in February 2005 and have been in litigation since before the child's birth concerning

_____

[1] Tennessee Court of Appeals Rule 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

several issues including paternity, the primary residential parent, and child support in proceedings filed in the Juvenile Court for Roane County, No. 16002. On April 11, 2017, the juvenile court entered an order in case number 16002 that included a parenting plan awarding Mother sole residential custody and granting Father restricted parenting time with a schedule for gradually increasing Father's parenting time.

Father filed a complaint for modification on June 6, 2017, alleging a material change of circumstances had occurred because Mother would not allow the child to attend Father's wedding and the order was adversely affecting the child and impairing his relationship with Father. The petition for modification was given a new case number in the juvenile court, No. 2017-JC-85, which is the instant appeal.[2] In his petition, Father requested that he be named the primary residential parent or, in the alternative, that he be granted liberal residential parenting time and that the child be allowed to attend his wedding. Father subsequently filed an amended petition alleging that Mother refused to inform him of important events in the child's life, including medical appointments, illnesses, and extracurricular activities; and that, despite her obligation to choose a therapist to monitor the progression of the case, Mother had refused to do so. Mother moved to dismiss Father's petition for modification on grounds of res judicata, failure to state a claim, prior suit pending, and forum shopping. The trial court granted Mother's motion.

Father appeals the trial court's dismissal of his complaint for modification.

## ANALYSIS

As part of this appeal, Mother filed a motion to supplement the record, and this Court learned from that motion that, subsequent to the filing of the instant appeal, Father filed a petition for modification under the original case number (No. 16002) that is similar or the same as the petition for modification filed in this case (No. 2017-JC-85). Counsel for the parties represented at oral argument that the petition in the original case (No. 16002) was scheduled to be heard August 28-30, 2018.

Because Father filed duplicate petitions in two different cases, we have determined that this appeal is moot. Even if we were to agree with Father's position, no effective relief would be possible in this case. The mootness doctrine is rooted in the idea that it is "'the province of a court . . . to decide, not advise, and to settle rights, not to give abstract opinions.'" *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 203 (Tenn. 2009) (quoting *State v. Wilson,* 70 Tenn. 204, 210 (1879)). "A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005). The proceedings in the original case

---

[2] In a separate appeal, Father appeals case number 16002, the original custody action.

are much farther along and will be decided before any possible remand and hearing in this matter. Thus, Father's avenue for relief lies in the original case, and the present appeal is moot.

CONCLUSION

The appeal is dismissed, and this matter is remanded with costs of appeal assessed against the appellant, Loring Justice. Execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE