IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 18, 2019 Session

## C & C NORTH AMERICA INC. D/B/A COSENTINO v. NATURAL STONE DISTRIBUTORS LLC ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-16-1671      JoeDae L. Jenkins, Chancellor**

_____

**No. W2019-00030-COA-R3-CV**

_____

Appellant appeals the trial court's order quashing its attachment and garnishments, whereby Appellant sought payment of its judgment from interpleaded funds that were owed to Appellee.  Affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Ronald D. Krelstein, Germantown, Tennessee, for the appellant, Natural Stone Distributors, LLC.

Nicole D. Berkowitz, R. Spencer Clift, III, and W. Preston Battle, IV, Memphis, Tennessee, for the appellee, Seven Stone Surface Fabrication, LLC.

## MEMORANDUM OPINION[1]

## I. Background

_____

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is the second appeal of this case. In the interests of consistency and judicial economy, we recite the relevant factual and procedural history as set out in our first opinion, *C & C North America, Inc. d/b/a Cosentino v. Natural Stone Distributors, LLC, et al.*, 571 S.W.3d 254 (Tenn. Ct. App. 2018) ("*Cosentino I*"):

C&C North America, Inc. d/b/a Cosentino ("Cosentino") is a Delaware corporation that manufactures stone surfacing products. Seven Stone Surface Fabrication, LLC, ("Seven Stone" [i.e., Appellee in the instant appeal]) had its principal place of business in Georgia but conducted business in Tennessee pursuant to a "Fabrication Agreement" authorizing it to fabricate, market, sell, install, and service Cosentino products. Over time, the parties conducted business in accordance with the Fabrication Agreement, and Cosentino incurred 88 invoices reflecting that it owed Seven Stone $153,008.34. Before this amount was paid, however, Seven Stone was administratively dissolved by the secretary of state.

Cosentino and Seven Stone had also conducted business with Natural Stone Distributors, LLC ("Distributor[s]" [i.e., Appellant in the instant appeal]), a Tennessee company with its principal place of business in Shelby County. Pursuant to a separate contract, Distributor[s] was authorized to sell Cosentino products to authorized fabricators. Seven Stone had submitted a credit application to Distributor[s] in order to purchase goods on credit and subsequently made a number of its purchases from Distributor[s]. When Seven Stone was administratively dissolved and owed an outstanding balance on its account, Distributor[s] threatened to file an attachment action against Cosentino in Texas against the funds Cosentino owed to Seven Stone.

On October 27, 2016, Cosentino filed a complaint for interpleader in the chancery court of Shelby County pursuant to Tennessee Rule of Civil Procedure 22.01 . . .

\*\*\*

Cosentino's complaint for interpleader named as defendants Seven Stone and Distributor. According to the complaint for interpleader, Cosentino was in possession of $150,000 "that both defendants allege is their property." According to the complaint, Distributor alleged that Seven Stone owed it $135,000 plus accumulated charges. The complaint stated that because of the conflicting claims, Cosentino was in doubt as to which of the defendants was entitled to the property and feared that it may be exposed to double or multiple liability. The complaint stated that Cosentino took no position on the issue of ownership of the funds and wished to pay the funds into court so that the defendants could be required to interplead and settle the matter between themselves. . . .

The following day, before either defendant answered, the trial court entered an order permitting Cosentino to interplead the funds, as it "appear[ed] to the court that [Cosentino] admits liability for the amount of money forming the subject of this action but is in doubt as to who is entitled thereto." The order enjoined the other parties from instituting any other action against Cosentino with regard to the funds.

Distributor[s] filed an answer and cross-complaint against Seven Stone. Distributor[s] . . . alleged that Seven Stone had purchased goods from it on credit and incurred an outstanding balance of $130,665.13, plus accrued finance charges, for a total of $139,310.06 due as of October 31, 2016. Distributor[s] alleged that this sum remained unpaid despite its demand for payment, and it sought the entry of a judgment in its favor for this sum.

Seven Stone filed a "consolidated responsive pleading" to the complaint for interpleader and Distributor[s'] cross-complaint and also included a counter-claim against Distributor[s]. Seven Stone admitted that Cosentino owed it $150,000 for outstanding invoices and asserted that its interest in the interpleaded funds was superior to any interest asserted by Distributor[s]. Seven Stone asserted a counter-claim for declaratory judgment against Distributor[s], alleging: "There exists an actual and justiciable controversy over entitlement to the interpleaded funds." Specifically, Seven Stone alleged, "[t]here exists an actual and justiciable controversy between the parties with respect to whether [Distributors] is an intended third party beneficiary to the Agreement between Cosentino and Seven Stone" and "with respect to whether [Distributors] is an affiliate of Cosentino." Seven Stone noted that its Fabrication Agreement with Cosentino allowed Cosentino to offset any amounts owed by Cosentino against any amounts owed by Seven Stone to Cosentino "or its affiliates." Seven Stone asserted that Distributor[s] was not an affiliate of Cosentino, as the two entities had no common ownership interest and were not commonly controlled. Seven Stone also argued that the Fabrication Agreement was not intended to benefit Distributor[s], directly or indirectly. In sum, Seven Stone sought a declaratory judgment that it was entitled to all of the interpleaded funds, and accordingly, it also sought an award of the entire balance of the interpleaded funds.

Seven Stone filed a motion for partial summary judgment that was limited to its claim for the interpleaded funds deposited with the court. Seven Stone again asserted that it had the exclusive right to the interpleaded funds because Distributor[s] was not a party to the Fabrication Agreement between Seven Stone and Cosentino and was not an "affiliate" of Cosentino within the meaning of the contract, and Distributor[s] had not asserted any other legal right to the interpleaded funds.

***

Distributor[s] filed a reply to the motion for partial summary judgment filed by Seven Stone along with its own motion for summary judgment, claiming that it was entitled to a judgment for the principal amount owed by Seven Stone in addition to accumulated late fees, totaling $155,941.26. Distributor[s] argued that it was immaterial whether its claim arose out of the same contract as the one giving rise to Seven Stone's rights and that "the only issue remaining is whether Seven Stone owes anything to [Distributors]." According to the motion for summary judgment, Seven Stone admitted in its discovery responses that it owed an outstanding balance to Distributors of $129,093.49 as of August 1, 2016, [and] that "when contractual late charges are calculated," that sum would increase to $155,941.26 . . . . As a result, Distributor[s] argued that the trial court should award it the entire balance of $150,000 on deposit with the court. . . .

After a hearing, the trial court entered an order granting summary judgment to Distributor[s] and denying the motion for partial summary judgment filed by Seven Stone. . . . The trial court found that Cosentino owed Seven Stone $153,008.34. The trial court found that Seven Stone purchased merchandise from Distributor[s] on an open account and owed Distributor[s] $129,093.49. The trial court rejected Seven Stone's suggestion that Distributor[s] was required to establish a lien or assignment in order to have a claim to the interpleaded funds at issue in this case. The court reasoned that "once these parties have joined the issue in an interpleader, then it is like any other lawsuit, a lawsuit that has competing claims, one against the other." The court found that Seven Stone had a right to the funds it was owed, but at the same time, Seven Stone did not deny that it owed money to Distributor[s]. In sum, the court concluded that Seven Stone was liable for the debt it owed in the amount of $129,093.49, but the trial court added that it found nothing in any of the documents provided by Distributor[s] to confirm that Seven Stone agreed to pay any late fees or interest charges. Consequently, the trial court limited its award to Distributor[s] to $129,093.46 and awarded the remainder to Seven Stone.

*Cosentino I*, 571 S.W.3d at 256-259 (footnotes omitted). As is relevant to this appeal, in *Cosentino I*, we affirmed (as modified) the trial court's judgment in favor of Distributors against Seven Stone; however, we reversed the trial court's order that Distributors' judgment should be paid from the interpleaded funds owed to Seven Stone. Specifically, we stated:

[W]e conclude that the trial court erred in ordering the judgment in favor of Distributor to be paid from the interpleaded funds. . . . Distributor had a

- 4 -

right to a judgment against Seven Stone, but it did not successfully assert any lien or attachment claim to the interpleaded funds. . . .

\*\*\*

In sum, we conclude that [Distributors] was entitled to a judgment against Seven Stone for $155,941.26, but we conclude that Distributors was not entitled to payment of this sum from the interpleaded funds. As in [**John Weis, Inc. v.**] **Reed**, [118 S.W.2d 677 (Tenn. Ct. App. 1938), *perm. app. denied* (Tenn. July 2, 1938)], the interpleaded funds must be paid to the party to whom it was owed absent some further proceedings.

The trial court should have granted the motion for partial summary judgment filed by Seven Stone with respect to its exclusive right to the interpleaded funds, and we reverse the trial court's holding to the contrary. We affirm the trial court's order granting the motion for summary judgment filed by Distributors to the extent that it granted a judgment in favor of Distributors, but we modify the award to a sum of $155,941.26 and further modify the order to reflect that this amount is not to be paid from the interpleaded funds held by the court absent further proceedings in the trial court.

**Cosentino I**, 571 S.W.3d at 266-68.

Turning to the facts giving rise to the instant appeal, in August 28, 2018, after the release of **Cosentino I** but before our mandate to the trial court was issued on October 17, 2018, Distributors filed an attachment action, i.e., *Natural Stone Distributors, LLC v. Seven Stone Surface Facrication* (the "attachment action"), which was ancillary to the underlying interpleader action on remand from **Cosentino I**. In the attachment action, Distributors asked the trial court to "issue the writ of attachment against the funds held on deposit by the clerk[,i.e., the $150,000 in interpleaded funds,]" to satisfy, in part, Distributors' $155,941.26 judgment against Seven Stone. *See* **Consentino I**. On October 11, 2018, Seven Stone filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss Distributors' attachment action and requested that the trial court order the clerk to distribute the interpleaded funds to Seven Stone. As grounds for its motion to dismiss Distributors' attachment action, Seven Stone argued, *inter alia*, that under the doctrine of *in custodial legis*, i.e., in the custody of the law, the interpleaded funds were not, as a matter of law, subject to attachment and garnishment. Distributors opposed Seven Stone's motion to dismiss and also filed a garnishment on the clerk as the holder of the interpleaded funds (the "first garnishment"). Seven Stone's motion to distribute funds in the interpleader action was consolidated with the attachment action for hearing on November 2, 2018.

By order of November 7, 2018, the trial court found "that the funds in the custody of the Clerk and Master are not subject to attachment or garnishment." As such, the trial court granted Seven Stone's motion to dismiss Distributors' attachment action, granted Seven Stone's motion for disbursement of the interpleaded funds, and quashed Distributors' first garnishment. On November 16, 2018, the trial court entered an order, *nunc pro tunc* to November 7, 2018, to assess costs.

On or about November 16, 2018, Distributors filed a creditor's affidavit, seeking to garnish the funds in the custody of the clerk (the "second garnishment"). The clerk answered the second garnishment and cited the trial court's November 7, 2018 order, *supra*. Seven Stone moved to quash the second garnishment on grounds previously argued in opposition to the first garnishment. In addition, Seven Stone asserted that the trial court should quash the garnishment under Tennessee Code Annotated section 26-2-408, which provides that "[w]hen property has been determined to be exempt [from garnishment] by agreement or judicial determination, the property shall be immediately released to the judgment debtor." On November 26, 2018, Distributors filed a motion to alter or amend the trial courts orders dismissing the attachment action and quashing the garnishment; Distributors did not specifically ask the court to reverse its order requiring the clerk to distribute the interpleaded funds. Rather, Distributors opined that, once the trial court ordered the interpleaded funds to be paid to Seven Stone (on November 7, 2018), the funds were no longer *in custodial legis*, thus Distributors' argued that it was entitled to the second garnishment and revival of its attachment action. Seven Stone opposed the motion and renewed its motion to quash the second garnishment. By order of December 14, 2018, the trial court reiterated its previous finding that "the interpleaded funds [were] exempt from garnishment." Based on this finding, the trial court: (1) denied Distributors' motion to alter or amend the November 7, 2018 order; (2) granted Seven Stone's motion to quash the second garnishment; and (3) directed the clerk to disburse the interpleaded funds to Seven Stone immediately.[2] Distributors filed notices of appeal in both the attachment action and the interpleader action, which were consolidated by this Court. Distributors, however, did not post a supersedeas bond or move to stay the disbursement of the interpleaded funds to Seven Stone. *See generally* Tennessee Rule of Civil Procedure 62.

In its appellate brief, Distributors' argues that it was entitled to notice, under Tennessee Rule of Civil Procedure 5.01, when the clerk released the funds to Seven Stone. Tennessee Rule of Civil Procedure 5.01 states, in relevant part:

> Unless the court otherwise orders, every order required by its terms to be served; every pleading subsequent to the original complaint; every paper

---

[2] At Seven Stone's request, following entry of the December 14, 2018 order, the interpleaded funds due to Seven Stone were paid to Moore Colson, who was acting on behalf of Alostar Bank of Commerce, Seven Stone's out-of-state secured creditor.

relating to discovery required to be served on a party; every amendment; every written motion other than one which may be heard ex parte; and, every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar papers shall be served upon each of the parties . . . .

Distributors' argues that "a request for disbursement is a 'paper' to be served in accordance with Rule 5 . . . ." Because Distributors "never received any notice of the request [for distribution] filed [by Seven Stone] with the clerk's office," it is not precluded from seeking restitution on the distributed amount. We will discuss the issue of restitution below. However, concerning the question of whether Distributors was entitled to notice of Seven Stone's request for distribution of the interpleaded funds and/or the clerk's actual distribution of those funds, Rule 5.01 contains no requirement that a party receive notice of a clerk's action pursuant to a court order. Under Rule 5.01, parties are entitled to notice of the order requiring the clerk to distribute funds, but there is no requirement that the parties receive notice when the clerk actually fulfills the court's mandate. Here, Distributors received notice of the December 14, 2018 order, under which the clerk was required to make distribution to Seven Stone. This notice satisfied the requirements of Rule 5.01, and Distributors' argument that it was entitled to further notice is without merit. We now turn to the substantive issues.

## II. Issues

Distributors raises the following issues for review as stated in its brief:

1. Did the trial court err in applying the doctrine of *in custodial legis* in dissolving the attachment in Natural Stone v. Seven Stone.
2. Did the trial court err in applying the doctrine of *in custodial legis* in quashing the garnishments issued in **Cosentino I** before and after it entered an order directing the clerk to disburse the funds to Seven Stone even though the two garnishments were issued by the trial court itself and not another court.
3. Did the trial court abuse its discretion in dissolving the attachment and quashing the garnishments.
4. In the event this Court reverses the trial court, should this Court order restitution of the money withdrawn while this appeal was pending, and with the order of restitution binding upon Seven Stone, Chris Tierney, Moore Colston, or others acting in concert with Seven Stone.

In the posture of Appellee, Seven Stone asks this Court to award its attorney's fees and costs of this appeal on the ground that Distributors' appeal is frivolous.

- 7 -

## III. Standard of Review

Because this case was tried by the trial court, sitting without a jury, we review the trial court's findings of fact de novo upon the record of the trial court with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). However, no presumption of correctness attaches to the trial court's conclusions of law, and our review is de novo. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (citing *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013)).

## IV. Analysis

The issues and arguments set out in Distributors' appellate brief focus solely on the question of whether the trial court erred in quashing the attachment and garnishments on its finding that the interpleaded funds were *in custodial legis* and, thus, not subject to attachment or garnishment. Distributors raises no issue or argument concerning the correctness of the trial court's order distributing the interpleaded funds. Our "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b). However, even if we were to exercise our discretion to consider the distribution of the interpleaded funds issue that Distributors clearly did not raise, *Id.*, we would have nothing to review. Among other things, Appellants are required to include, in their brief, "[a] statement of the issues presented for review" and an argument "with citations to the authorities and appropriate references to the record...." Tenn. R. App. P. 27(a)(4), (7). Having scoured Distributors' brief, its only reference to the trial court's authority to disburse the interpleaded funds is found in the "Statement of the Case" section of the brief. There, Distributors states that, in *Consentino I*, this Court "held that the funds held by the clerk were not to be disbursed pending further orders in the trial court." In the first instance, in *Consentino I*, this Court did not preclude the trial court from distributing the interpleaded funds. That being said, if Distributors was, in fact, of the opinion that *Consentino I* enjoined the trial court's action on remand, it should have raised this as an appellate issue.

As noted above, Distributors' only appellate issues concern whether the trial court erred in quashing Distributors' attachment action and its garnishments. Because the attachment and the garnishments were levied on the interpleaded funds, and these funds are no longer available for satisfaction of Distributors' judgment, there is ostensibly nothing for Distributors to attach or garnish.

The doctrine of justiciability prevents courts from adjudicating cases that do not involve a "genuine and existing controversy." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). "Our courts will not render advisory opinions or decide abstract legal questions." *Id.* (citations omitted). A case must be justiciable when it is filed and throughout the course of litigation, including during the appeal. *Id.* Our courts will decline to hear a case if it is no longer justiciable because it "has lost its character as

a present, live controversy." ***McIntyre***, 884 S.W.2d at 137. Generally, a case is moot when it "no longer serves as a means to provide relief to the prevailing party." ***Id.***[3] Because we cannot review whether the interpleaded funds were properly distributed, we cannot claw back those funds or give Distributor any restitution thereon. As such, even if we were to reverse the trial court's decision to quash the attachment and garnishments, there is nothing to attach at this time. In other words, this case is moot because the subject matter of the dispute, i.e., the interpleaded funds, is no longer available. The funds are now in the hands of a third-party, who was not a party in the underlying lawsuit and is not a party to this appeal. Without the funds being available for attachment or garnishment, this Court cannot provide any effective judicial relief to Distributors. It is our inability to provide any effective relief that renders the case moot.

## V. Frivolous Appeal

Seven Stone asks this Court to award it damages for frivolous appeal under Tennessee Code Annotated section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in this Court's discretion. ***Chiozza v. Chiozza***, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." ***Indus. Dev. Bd. v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). The procedural history of this case was complicated, and the dispositive issues involved were not so well settled that Appellant had no reasonable expectation of altering the trial court's judgment. Furthermore, there is no indication that Appellant prosecuted this appeal for purposes of delay. As such, we exercise our discretion to deny Appellee's request for frivolous appeal damages.

---

[3] There are only a few recognized exceptions to the mootness rule: (1) the issue is of great public importance or affects the administration of justice; (2) the challenged conduct is capable of repetition and will likely evade judicial review; (3) the primary subject of the dispute has become moot, but collateral consequences to one of the parties remain; and (4) the defendant voluntarily stops engaging in the challenged conduct. .***Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty***., 301 S.W.3d 196, 204 (Tenn. 2009). Only if the issue falls within a recognized exception do we have discretion to reach the merits of the appeal. ***Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely***, 182 S.W.3d 333, 339 (Tenn. Ct. App. 2005). This case does not satisfy any of the foregoing exceptions.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's order.  The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Natural Stone Distributors, LLC, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE