# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 20, 2021 Session

## HAMPTON RESERVE HOMEOWNER'S ASSOCIATION, INC. v. KIRK LEIPZIG

### Appeal from the Circuit Court for Williamson County
### No. 2014-73  James G. Martin, III, Judge
_____

### No. M2020-00288-COA-R3-CV
_____

This appeal concerns a general sessions warrant for unpaid dues owed to the plaintiff homeowner's association.  The general sessions court dismissed the action based upon a settlement agreement.  The plaintiff appealed to the circuit court, which ultimately entered an agreed order of dismissal during the pendency of this appeal.  We dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Scott D. Johannessen, Nashville, Tennessee, for the appellant, Anarion Investments, LLC.

Neil M. McIntire, Nashville, Tennessee, for the appellee, Hampton Reserve Homeowner's Association.

Patrick Brian Newsom, Nashville, Tennessee, for the appellee, Kirk Leipzig.

## MEMORANDUM OPINION[1]

The Hampton Reserve Homeowner's Association ("the HOA") initiated this action by the filing of a general sessions warrant on April 23, 2012, against Kirk Leipzig

---

[1]     Rule 10 of the Rules of the Court of Appeals provides:
"This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

("Defendant") for unpaid dues in the amount of $3,850, plus any subsequent bi-annual assessments of $875, late fees, and interest charges. Attorney Scott Johannessen, who lived in the property at issue pursuant to a lease purchase option agreement, filed a notice of appearance for Defendant.

Mr. Johannessen later filed a notice of case settlement, a motion to dismiss, and a motion to withdraw as counsel of record, claiming that the dues had been fulfilled pursuant to a settlement agreement. He further claimed that dismissal was appropriate because the record owner of the property was Defendant's trust, not Defendant in his personal capacity. The trial court granted Mr. Johannessen's motion to withdraw but continued the remaining matters for further hearing on November 18, 2013.

Neither Mr. Johannessen nor Defendant appeared at the hearing in which the court entered judgment against Defendant in the amount of $9,890. Mr. Johannessen then moved to intervene on behalf of himself and his company, Anarion Investments, LLC ("Anarion"). He further moved to enforce an alleged settlement agreement between the parties, requiring dismissal of the action. Meanwhile, the HOA filed amended notices of claims of liens on the property, while Mr. Johannessen filed notice that he filed his own complaint against the HOA in circuit court.

On November 27, 2013, the general sessions court ordered Mr. Johannessen to appear and present competent admissible evidence in support of his request to intervene and to dismiss the action. Following a hearing, the court granted the motion to intervene and dismissed the action by an order prepared by Mr. Johannessen on February 10, 2014, that provided as follows:

1.      [Anarion's] Motion to Intervene and Renewed Motion to Dismiss is GRANTED;

2.      A Judgment of Dismissal is hereby ENTERED in [Defendant and Anarion's] favor[]; and

The Court is of the opinion that this case was settled approximately one (1) year ago and has not been sufficiently addressed by [the HOA].

The HOA promptly appealed the dismissal of the action to the circuit court.

The circuit court dismissed the appeal on March 24, 2014, but then set aside the dismissal based upon Anarion's alleged failure to provide notice of the motion. Anarion moved to dismiss again for failure to prosecute. The trial court granted the unopposed motion on January 2, 2019.

The HOA moved to set aside the second dismissal, claiming that it had not received notice of the motion to dismiss and that Anarion was never made a party to the action filed in circuit court. The trial court agreed and set aside the January 2019 dismissal, by order dated January 22, 2020, finding as follows:

> No Order of this Court has ever made [Anarion] a party to this action, and "a person who is not a party of record to a lawsuit has no standing therein which enables him or her to take part in the proceedings" and has no standing in the case to file a motion.

On February 20, 2020, Anarion filed a notice of appeal from the court's order setting aside the January 2019 dismissal.

Anarion raised a number of issues on appeal for this court's consideration. As a threshold issue, we must first address whether this court has subject matter jurisdiction over this appeal. *See* Tenn. R. App. P. 13(b) (providing this court with the authority to consider whether subject matter jurisdiction is present whether or not the issue is raised on appeal). Rule 3(a) of the Tennessee Rules of Appellate Procedure provides:

> Any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

(Emphasis added.). Indeed, "[a] final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. Nov. 4, 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). The order appealed from in this case was not a final judgment and was not certified as final for purposes of appeal pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[2] Accordingly, the notice of appeal was prematurely filed, thereby depriving this court of subject matter jurisdiction. This conclusion does not yet end our inquiry because the trial court entered an agreed order of dismissal during the pendency of this appeal.

The HOA and Defendant argue that the order of dismissal based upon their settlement agreement renders this appeal moot and that any relief available to Anarion is incidental, at best. Citing the HOA's pattern of moving to set aside the circuit court's

---

[2] "When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

dismissals, Anarion suggests that the same controversy is expected to recur in the absence of this court's involvement. Anarion asks this court to dismiss the circuit court appeal and affirm the general sessions court's judgment of dismissal.

"An issue becomes moot if an event occurring after the commencement of the case extinguishes the legal controversy attached to the issue, or otherwise prevents the prevailing party from receiving meaningful relief in the event of a favorable judgment[.]" *City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013) (citations omitted). "A case must remain justiciable through the entire course of litigation, including any appeal," and "[a] case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights." *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005).

Anarion sought to intervene at the circuit court level for the sole purpose of dismissing the appeal based upon an alleged settlement agreement. Anarion achieved its desired outcome on two occasions as evidenced by the circuit court's dismissal of the appeal on March 24, 2014, and again on January 2, 2019. The circuit court has now dismissed the appeal for a third time based upon an agreed order of dismissal that provides, in pertinent part, as follows:

> It appears to the Court from the signatures of counsel below that all matters in controversy and dispute by and between the parties have been fully compromised and settled and that the parties agree and desire to dismiss this action, with prejudice.

> [T]his action, including all claims and counterclaims brought or that could have been brought are hereby dismissed with prejudice. Any remaining outstanding claims and unpaid court costs shall be taxed to [the HOA].

This litigation no longer serves as a means of providing judicial relief to Anarion. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam County*, 301 S.W.3d 196, 204 (Tenn. 2009) ("A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party.").

For the reasons set forth above, we dismiss the appeal as moot. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to appellant, Anarion Investments, LLC.

**PER CURIAM**