## TENNESSEE PUBLIC SERVICE COMMISSION, Appellant,

v.

## SOUTHERN RAILWAY COMPANY, Appellee.

Supreme Court of Tennessee.

Aug. 15, 1977.

Eugene W. Ward, Gen. Counsel, Thomas Eldridge, Asst. Gen. Counsel, Tenn. Public Service Com'n, Nashville, for appellant.

F. Clay Bailey, Jr., Nashville, Clyde W. Key, Knoxville, for appellee.

## OPINION

COOPER, Chief Justice.

On September 11, 1975, a small wooden bridge passing over tracks owned by the Southern Railway Company caught fire and was completely destroyed. The bridge, and the unimproved gravel road which it carried, had provided Mrs. Sally Young with access to her home. On January 20, 1976, the Tennessee Public Service Commission issued an order, requiring the Southern Railway Company to appear and show cause why it should not be required to rebuild the bridge. The order was issued under the authority of T.C.A. § 65–331, which in pertinent part provides as follows:

The Tennessee public service commission shall have the power and authority to inspect the conditions existing on trains

or along the rights of way, yards, and terminals of all commercial railroads, . . . to the end that safety, health and comfort of the general public and employees may be preserved and that dangerous or unhealthy conditions on trains or along the rights of way, yards, and terminals, if found to exist, may be abated by the order of the commission. . . .

After a hearing, the Commission found that the absence of the bridge, in that it deprived Mrs. Young of any reasonable means of reaching her property, constituted a dangerous or unhealthy condition along the Southern right-of-way within the meaning of the above statute. Accordingly, the Commission ordered the railroad to rebuild the bridge.

The railroad appealed the order to the Chancery Court for Davidson County. The chancellor reversed the decision of the Commission and set aside the order, holding that the Commission had no authority to order the restoration of the burned out bridge, in that it was not such a condition as fell within the purview of the statute.

■ Any authority exercised by the Public Service Commission must be as the result of an express grant of authority by statute or arise by necessary implication from the expressed statutory grant of power. *Pharr v. Nashville, Chattanooga and St. Louis Railway,* 186 Tenn. 154, 208 S.W.2d 1013 (1948); *Nashville, Chattanooga and St. Louis Railway v. Railroad and Public Utilities Commission et al.,* 159 Tenn. 43, 15 S.W.2d 751 (1929). In either circumstance, the grant of power to the Commission is strictly construed. *Pharr v. Nashville, Chattanooga and St. Louis Railway, supra.* Had the legislature intended to invest the Commission with the authority to insure the safety and convenience of the public in crossing a railroad right-of-way, it would have been a simple matter for it to have done so explicitly. It did not, and therefore we must presume that it did not intend such a result. Our conclusion on this issue is supported by the fact that, to the extent that jurisdiction over rail-highway

crossings has been expressly granted to a state agency, it has been given primarily and in the first instance to the State Department of Transportation. *See, e.g.,* T.C.A. § 65–1107 et seq.; T.C.A. § 65–1208; T.C.A. § 59–846.

■ Our action this day should not be taken to imply that Southern Railway has no duty to restore the bridge, or that it could not be compelled to do so in an appropriate proceeding. The common law and statutory duty of a railroad to maintain adequate crossings for public highways is well established. *Southern Railway Company v. Maples,* 201 Tenn. 85, 296 S.W.2d 870 (1956); *Chesapeake, Ohio, & Southwestern Railroad Co. v. Dyer County,* 87 Tenn. 712, 11 S.W. 943 (1889); T.C.A. § 65–1101. We merely hold that the Public Service Commission has no authority to compel the railroad to fulfill that duty.

The judgment of the chancellor is affirmed. The costs incident to this appeal will be taxed to the appellant.

FONES, BROCK and HARBISON, JJ., concur.

HENRY, J., not participating.