IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 20, 2021 Session

## ERIN R. KNIGHT v. TENNESSEE STATE BOARD OF EDUCATION

**Appeal from the Chancery Court for Davidson County**
**No. 19-900-IV          Russell T. Perkins, Chancellor**

———————————————————

### No. M2020-00770-COA-R3-CV

———————————————————

A public school teacher, who allegedly tested positive for alcohol on school premises during school hours, was threatened with revocation of her teaching license by the state board of education.  The teacher petitioned the board for declaratory judgment, arguing that the board lacked the authority to promulgate the rule on which the threatened action was based.  After a hearing, the administrative law judge concluded that the board did have the power to revoke a teacher's license for misconduct, and the board subsequently adopted the administrative law judge's order.  The teacher then appealed to the chancery court, as permitted under the UAPA, and the chancery court affirmed the board's findings.  The teacher now appeals the chancery court's order.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J. delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Richard L. Colbert and C. Joseph Hubbard, Nashville, Tennessee, for the appellant, Erin R Knight.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Lindsay Haynes Sisco, Assistant Attorney General, for the appellee, Tennessee State Board of Education.

# MEMORANDUM OPINION[1]

## FACTUAL AND PROCEDURAL HISTORY

Erin Knight is a licensed educator in Hamilton County, Tennessee. Ms. Knight tested positive for alcohol while on school premises during school hours on May 3, 2016. More than a year later, on May 26, 2017, the Tennessee State Board of Education ("the Board") notified Ms. Knight by certified mail that the Board proposed to revoke her teaching license under the authority of Tennessee Code Annotated § 49-1-302(a)(5)(A) and Tenn. Comp. R. & Regs. 0520-02-03-.09(2)(c) (2016) ("the Rule") for allegedly being on school premises during school hours under the influence of alcohol.[2] The Board's letter advised Ms. Knight that she was "entitled to a hearing before the Board may take such action" against her license and, that, if a written request for a hearing was not received within thirty days of her receipt of the notice, her educator license would be subject to administrative revocation at the next regularly-scheduled Board meeting.

In October 2017, Ms. Knight initiated an administrative proceeding by filing a Petition for Declaratory Order with the Board pursuant to Tennessee Code Annotated § 4-5-223. In her Petition, Ms. Knight argued that (1) section 49-1-302 did not grant the Board authority to promulgate or enforce Rule 0520-02-03-.09 and that (2) the Board had no authority to administratively revoke, suspend, or formally reprimand her license in the proposed manner. Ms. Knight sought a declaration that, among other things, the Board's proposed action was ultra vires, null, and void. She also contended that the Board's notice procedures conflicted with Tenn. Code Ann. § 4-5-320(c).

In April of 2018, Ms. Knight filed a Motion for Summary Judgment with the Board and renewed her request for a declaratory judgment and dismissal of the charges against her. As in her Petition for Declaratory Order, Ms. Knight argued in her motion for

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The Board requires directors or superintendents of schools to inform the Office of Educator Licensing within thirty days "of licensed teachers or administrators who have been suspended or dismissed, or who have resigned, following allegations of conduct which, if substantiated, would warrant consideration for license suspension or revocation under parts (1) or (2)" of the rule. Tenn. Comp. R. & Reg. 0520-02-03-.09(5) (2016). Part (2) provides, in relevant part, that "[t]he State Board of Education may revoke, suspend, reprimand formally, or refuse to issue or renew a license for . . . [b]eing on school premises or at a school-related activity involving students while documented as being under the influence of, possessing or consuming alcohol or illegal drugs[.]" Tenn. Comp. R. & Reg. 0520-02-03-.09(2)(c) (2016).

summary judgment that the Board had no authority to suspend her license because Rule 0520-02-03-.09, on which the Board relied, was invalid and exceeded the Board's statutorily prescribed rulemaking authority. Ms. Knight also argued that the Board had no authority for its threatened action of *administratively* revoking, suspending, or otherwise formally reprimanding her license, as set forth in the Board's May 2017 letter, because it was inconsistent with the general requirements of the Uniform Administrative Procedures Act, Tennessee Code Annotated § 4-5-101 *et seq.* ("UAPA"), and specifically with section 4-5-320(c), which provides that a licensee be given opportunity to show compliance with all lawful requirements for the retention of the license, prior to the institution of agency proceedings, and prior to the revocation or suspension of a license.

In response to Ms. Knight's petition and motion, the Board convened a contested case hearing in accordance with Tennessee Code Annotated § 4-5-223(a)(1) and, on November 6, the Administrative Law Judge ("ALJ") entered an Initial Order denying Ms. Knight's motion for summary judgment,[3] and stated the following conclusions of law:

1.      The Petitioner's Motion for Summary Judgment is hereby DENIED.
2.      It is DECLARED that the Board did not exceed its statutory authority in promulgating Tenn. Comp. R. & Regs. 0520-02-02-.09.
3.      It is DECLARED that the procedure the Board followed in this case met the requirements of Tenn. Code Ann. § 4-5-320(c).
4.      Accordingly, judgment as a matter of law is GRANTED to the Board. This matter is dismissed.

Ms. Knight timely filed a Notice of Appeal of the ALJ's ruling. At its May 2019 meeting, the Board voted to adopt, in whole, the ALJ's order, and thus entered its final order on June 5. Ms. Knight timely filed a petition for review in the chancery court. The chancery court heard oral argument in April of 2020 and issued its Memorandum and Order affirming the Board's Declaratory Order thereafter. Ms. Knight timely appealed.[4]

Ms. Knight presents five issues on appeal and the Board presents three issues, all of which we restate as follows:

---

[3] The ALJ's order stated: "The parties agreed at oral argument on the Motion for Summary Judgment that because there are only legal issues involved, the ruling on the Motion for Summary Judgment would resolve the entire proceeding."

[4] On December 13, 2017, the State Board filed a Notice of Hearing and Charges in a new, separate licensure action under Docket No. 07.02-145373J; the licensure action is not under review in this appeal. Only the Board's resolution of Ms. Knight's Petition for Declaratory Order and Motion for Summary Judgment filed under Docket No. 07.01-149263J and the chancery court's judicial review of that action are the subject of this appeal.

1. Whether the State Board of Education had the authority to adopt and enforce Tenn. Comp. R. & Regs. 0520-02-03-.09; and
2. Whether the UAPA permits the Board to administratively revoke, suspend, or formally reprimand Ms. Knight's educator license if she fails to request a hearing.

## STANDARD OF REVIEW

The UAPA provides for judicial review of an agency decision in the chancery court, Tenn. Code Ann. § 4-5-322(b)(1)(A), and the decision of the chancery court may then be appealed to this Court pursuant to the Tennessee Rules of Appellate Procedure. Tenn. R. App. P. 3(a). This Court, as well as the chancery court, reviews agency decisions under the narrowly defined standard of review contained in the UAPA rather than under the broad standard of review used in other civil appeals. *Davis v. Shelby Cty. Sheriff's Dept.*, 278 S.W.3d 256, 264 (Tenn. 2009). The UAPA provides that:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority of the agency;
> (3) Made upon unlawful procedure;
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.
>    (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h). This Court reviews the factual findings of the board under the limited provisions of section 4-5-322, and we review matters of law *de novo* with no presumption of correctness. *Davis*, 278 S.W.3d at 264 (citing Tenn. R. App. P. 13(d); *Cumulus Broad, Inc. v. Shim*, 226 S.W.3d 366, 373 (Tenn. 2007)). Statutory construction is a question of law that is reviewable on appeal on a de novo basis without any presumption of correctness of the lower court decision. *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012).

## ANALYSIS

### A. The Board's authority for Tenn. Comp. R. & Regs. 0520-02-03-.09

To resolve the issues in this case, we must determine if the adoption of Rule 0520-02-03-.09 was in excess of the Board's statutory authority.[5] *See* Tenn. Code Ann. § 4-5-322(h)(2). The Board, with the assistance of the Commissioner of Education,[6] formulates policies, standards, and guidelines for the governance of the K-12 public education system. Tenn. Code Ann. §§ 4-3-803, 49-1-102(a). The commissioner "is responsible for the implementation of law or policies established by the general assembly or the state board of education." Tenn. Code Ann. § 49-1-201(a). As an administrative agency,[7] the Board has no inherent power and may only exercise such power that is conferred on it statutorily or constitutionally, *see* Tenn. Code Ann. § 4-5-103(a)(2), or "by necessary implication from the expressed statutory grant of power," *Wyttenbach v. Bd. of Tenn. Med. Examiners*, No. M2014-02024-COA-R3-CV, 2016 WL 1045668, at *7 (Tenn. Ct. App. Mar. 15, 2016) (citing *Tenn. Pub. Serv. Comm'n v. S. Ry. Co.*, 554 S.W.2d 612, 613 (Tenn. 1977)).

Ms. Knight argues:

At the time the State Board proposed to undertake its disciplinary action, Tenn. Code Ann. § 49-1-302(a)(5)(A) did not grant the State Board authority to adopt rules for the revocation of licenses. In fact, Tenn. Code Ann. § 49-1-302(a)(5)(A) gave the State Board no rulemaking authority at all. Instead, Tenn. Code Ann. § 49-1-302(a)(5)(A) only empowered the State Board to adopt ***policies*** governing:

(i) The qualifications, requirements and standards of and provide the licenses and certificates for all public school teachers, principals, assistant principals, supervisors and directors of schools;
. . .
(iv) *The revocation of licenses and certificates for misconduct.*

Tenn. Code Ann. § 49-1-302 (2016).

(Emphasis in brief.) Ms. Knight correctly notes that "rules" and "policies" are not

---

[5] The Board is established by Tennessee Code Annotated § 49-1-301, and its powers and duties are set forth in § 49-1-302.

[6] The Department of Education, created by Tennessee Code Annotated § 4-3-801, has as its chief executive officer the commissioner of education, who is appointed by the governor. Tenn. Code Ann. § 4-3-802(a), (c). The commissioner is "vested with such powers and required to perform such duties as are set forth in title 49[.]" Tenn. Code Ann. § 4-3-803.

[7] The UAPA defines "agency" as "each state board, commission, committee, department, officer, or any other unit of state government authorized or required by any statute or constitutional provision to make rules or to determine contested cases[.]" Tenn. Code Ann. § 4-5-102(2).

interchangeable under the UAPA. During the period relevant to this case, "policy" was defined in the UAPA as "a set of decisions, procedures and practices pertaining to the internal operation or actions of an agency[.]" Tenn. Code Ann. § 4-5-102(8) (2016). Whereas, "rule" was defined, in pertinent part, as follows:

> "Rule" means each agency statement of general applicability that implements or prescribes law or policy or describes the procedures or practice requirements of any agency. "Rule" . . . does not include[] [s]tatements concerning only the internal management of state government and not affecting private rights, privileges or procedures available to the public[.]

Tenn. Code Ann. § 4-5-102(12)(A) (2016). The Board proposed to revoke Ms. Knight's teaching license under the authority of Rule 0520-02-03-.09. The statutory authority cited in the Rule was Tennessee Code Annotated § 49-1-302, which grants the Board the express authority to "[a]dopt policies governing. . . [t]he revocation of licenses and certificates for misconduct[.]" § 49-1-302(a)(5)(A)(iv) (2016). Ms. Knight asserts that this policy-making authority was insufficient to allow the Board to adopt the Rule.

However, Ms. Knight's argument fails to consider the remainder of section 49-1-302, in which the Board is authorized to "[a]pprove, disapprove or amend rules and regulations prepared by the commissioner to implement policies, standards or guidelines of the board in order to effectuate this section[.]" Tenn. Code Ann. § 49-1-302(a)(11) (2016).[8] Ms. Knight's assertion that "policies . . . *must not affect* private rights or privileges like a teacher's license" is not a necessary implication of the UAPA's definition of policy, and it is inconsistent with the Board's explicit statutory authority to adopt policies governing the revocation of licenses for misconduct. It is true that policies govern an agency's internal procedures, however, when the policies concern the revocation of a teachers' licenses, the rules implementing those policies by necessary implication must affect the private rights of teachers. Moreover, Ms. Knight's interpretation would make the commissioner's duty pursuant to section 49-1-201(c)(20)(A) impossible. The commissioner would be unable to prepare "rules … to implement policies . . . of the board" with respect to revocation of licenses for misconduct if such policies cannot have an effect on private rights. *See* Tenn. Code Ann. § 49-1-302(a)(11) (2016).

With respect to this issue, the chancery court held:

---

[8] The commissioner shall "[p]repare and present to the state board of education for its approval, disapproval or amendment rules and regulations that are necessary to implement the policies, standards or guidelines of the state board or the education laws of the state[.]" Tenn. Code Ann. § 49-1-201(c)(20)(A). The UAPA requires state agencies to follow uniform procedures when making rules. *See Tenn. Code Ann.* § 4-5-201 *et seq*. Ms. Knight did not argue, nor was there evidence in the record to suggest, that Rule 0520-02-03-.09 was not presented to the Board by the commissioner as required by Tennessee Code Annotated §§ 49-1-201(c)(20)(A) and 49-1-302(a)(11) (2016), nor was there any suggestion that the Board failed to comply with the notice, hearing, filing or other procedures required by the UAPA for adopting the Rule.

- 6 -

[P]ursuant to Tenn. Code Ann. § 49-5-108(a)(l) (2017), the Board has complete jurisdiction over the management and supervision of the execution, use, or conduct of licenses for public school teachers for K-12. Under this jurisdiction, the Board has the power and duty to approve rules and regulations prepared by the Commissioner to implement policies, standards or guidelines governing the qualifications, requirements and standards of licenses, as well as policies for the revocation of licenses and certificates for misconduct. *See* Tenn. Code Ann. § 49-1- 302(a)(5)(A), (a)(11). Rule 0520-02-03-.09 does just that; it establishes standards (i.e., criteria) for the revocation of licenses for misconduct, which includes "[b]eing on school premises or at a school-related activity involving students while documented as being under the influence of, possessing or consuming alcohol or illega1 drugs." Tenn. Comp. R. & Regs. 0520-02-03-.09(2)(c). Furthermore, revoking, suspending, reprimanding formally, or refusing to issue or renew an educator license falls under the Board's jurisdiction to administer (i.e., manage and supervise) the licenses of K-12 teachers. *See* Tenn. Code Ann. § 49-5-108(a)(l) (2017).

Accordingly, read as a whole, Tenn. Code Ann. § 49-1-302 grants the Board the authority to approve or amend rules and regulations prepared by the Commissioner to implement policies governing the revocation of educator licenses for misconduct. As such, the Board had the authority to promulgate and enforce Tenn. Comp. R. & Regs. 0520-02-03-.09. The Final Order is upheld on this ground.

(Footnote omitted.) Ms. Knight argues that the chancery court erred in reading section 49-5-108(a)(l) together with section 49-1-302 in finding that the Board had authority to adopt the Rule because it relied on an overly broad reading of the word "administration" in section 49-5-108(a)(1)[9] and because the Board did not name section 49-5-108 as statutory authority for the Rule. We find this argument unavailing. Having reviewed the Board's statutory authority in Tennessee Code Annotated § 49-1-302, we conclude that the Board had the power to adopt Rule 0520-02-03-.09 regarding the revocation of teacher licenses for misconduct, and adopting and enforcing the Rule is not "[i]n excess of the statutory authority" of the Board. *See* Tenn. Code Ann. § 4-5-322(h). Accordingly, we affirm the chancery court's holding.

---

[9] The subsection provides:

Complete jurisdiction over the issuance and administration of licenses for supervisors, principals and public school teachers for kindergarten through grade twelve (K-12), including teachers in preschools operated under the authority of chapter 6, part 1 of this title, shall be vested in the state board of education.

Tenn. Code Ann. § 49-5-108(a)(1).

**B. Administrative revocation or suspension of license, or formal reprimand**

Ms. Knight argues that the Board's threatened procedure to administratively revoke her license if she failed to request a hearing was inconsistent with the general requirements of the UAPA for a license revocation. The Board's May 26, 2017, letter to Ms. Knight, signed by a staff attorney, stated, in pertinent part:

> Pursuant to Rule 0520-02-03-.09(2)(c) of the *Rules of the State Board of Education,* your Tennessee educator license is subject to revocation *for* being on school promises during school hours under the influence of alcohol. The Board proposes to revoke your educator license.
>
> Furthermore, pursuant to Rule 0520-02-03-.09(4) of the *Rules of the State Board of Education,* you are entitled to a hearing before the Board may take such action. Please advise me in writing **and** within thirty (30) days of the date you receive this letter whether you wish to request a hearing. If I do not receive your written request for a hearing within the time allotted, I will recommend that the Board administratively revoke your educator license at its next regularly scheduled meeting.

(Emphasis in original.) Ms. Knight argues that there is "no provision in the UAPA that allows an agency to shift the burden to the licensee to initiate agency proceedings with respect to license revocation or suspension," and that the procedure described in the Board's letter did not give Ms. Knight the opportunity to show compliance with all lawful requirements for the retention of her license *before* the institution of agency proceedings, as required by the following provision of the UAPA:

> No revocation, suspension, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct that warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.

Tenn. Code Ann. § 4-5-320(c).

Notwithstanding the Board's letter, Ms. Knight's license was not *administratively* revoked, and a hearing on the proposed revocation of Ms. Knight's license is pending in a separate proceeding. *See* footnote 4 *supra.*

With respect to this issue, the chancery court concluded:

Because Ms. Knight requested a hearing, which proceeding is pending, and

because the Board complied with the requirements of Tenn. Code Ann. § 4-5-320(c) and Tenn. Comp. R. & Regs. 0520-02-03-.09(4), the Court declines to address the general issue of whether the Board had the authority to administratively revoke, suspend or formally reprimand Ms. Knight's license, as such administrative revocation, suspension or reprimand did not occur here.

"'A case is not justiciable if it does not involve a genuine, continuing controversy requiring the adjudication of presently existing rights.' A case is considered moot if 'it no longer serves as a means to provide some sort of judicial relief to the prevailing party.'" *Foster Bus. Park, LLC v. J & B Investments, LLC*, 269 S.W.3d 50, 57 (Tenn. Ct. App. 2008) (quoting *All. for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005)). An adjudication of the issue of whether the Board is permitted to administratively revoke a license if the licensee does not request a hearing would not provide judicial relief to either Ms. Knight or the Board. Therefore, we find the issue moot and decline to address it, and we affirm the chancery court's conclusion.

## CONCLUSION

For the foregoing reasons, the judgment of the chancery court is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Erin R. Knight, for which execution may issue if necessary.

_s/ Kenny Armstrong_
KENNY ARMSTRONG, JUDGE

- 9 -