FILED
07/14/2021
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### June 10, 2021 Session

## PERRY ALLEN ET AL. v. WILLIAM B. LEE ET AL.

### Appeal from the Chancery Court for Davidson County
No. 20-405-IV        Phillip R. Robinson, Judge
_____

### No. M2020-00918-COA-R3-CV
_____

The Plaintiffs brought this lawsuit to challenge a series of executive orders issued by the Governor of Tennessee in response to the COVID-19 pandemic. Namely, the Plaintiffs challenged the Governor's legal authority to close entertainment and recreational gathering venues, arguing, among other things, that the executive orders were a constitutionally-prohibited implementation of martial law. Although the trial court dismissed the Plaintiffs' complaint for failure to state a claim, we conclude that the underlying matter is moot given the repeal of the complained of closure requirements. Accordingly, we vacate the trial court's judgment and remand the case for dismissal of the complaint in light of its mootness.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

W. Andrew Fox, Knoxville, Tennessee, for the appellants, Perry Allen and Roller Express, Inc.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Janet M. Kleinfelter, Deputy Attorney General, for the appellees.

## OPINION

## BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs in this matter are Perry Allen ("Mr. Allen") and Roller Express, Inc. ("Roller Express"), the latter which is a corporation that owns real property improved by a roller-skating rink. Mr. Allen is a stockholder in Roller Express, as well as an owner of a

roller-skating business known as "Roll Arena."  The Plaintiffs' point of contention in this case is that their businesses were forced to stop operating due to a series of executive orders issued by Tennessee Governor Bill Lee in response to the onset of the COVID-19 pandemic.  While COVID-19 presented this State with "an unprecedented public health crisis," *see Fisher v. Hargett*, 604 S.W.3d 381, 386 (Tenn. 2020), the Plaintiffs have complained of the closure of their businesses by the Governor, arguing that there was nothing about their operations that was objectionable, merely a "hypothesis that the patronization of Plaintiffs' businesses could lead to spread of a disease, by virtue of the gathering of large crowds."

When the Plaintiffs commenced the present case in the Davidson County Chancery Court on April 29, 2020, they specifically contended, among other things, that the Governor's executive orders implemented martial law in violation of article 1, section 25 of the Tennessee Constitution and encroached on the Plaintiffs' liberty interests.  The complaint named the Governor, the Tennessee Secretary of State, and the Tennessee Attorney General as defendants.

On May 8, 2020, the Defendants moved to dismiss the complaint for failure to state a claim under Rule 12.02(6) of the Tennessee Rules of Civil Procedure.  A hearing on the motion was subsequently held, and on May 26, 2020, the trial court entered an order granting the motion to dismiss.  This appeal follows the trial court's dismissal of the action.  Whereas the Plaintiffs raise issues on appeal connected to how the trial court specifically reviewed and adjudicated the motion to dismiss, the Defendants argue that this case is no longer justiciable.  As to this latter point, the Defendants note that the Governor has issued an executive order superseding and repealing certain prior executive orders and which included *no* requirement as to the continued closure of any roller-skating rinks.

## DISCUSSION

The Defendants' argument regarding justiciability is the threshold consideration in this appeal, *see City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013) ("This Court must first consider questions pertaining to justiciability before proceeding to the merits of any remaining claims."), and as discussed herein, our consideration of the issue is ultimately dispositive of our review.

As the Tennessee Supreme Court has noted, "[t]he role of our courts is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute." *Id.* (citing *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008)).  This review does not extend to those issues that are "merely 'theoretical or abstract.'" *Id.* (quoting *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 203 (Tenn. 2009)).  Indeed, "[a] justiciable issue is one that gives rise to 'a genuine, existing controversy requiring the adjudication of presently existing rights.'" *Id.* (quoting *UT Med. Grp., Inc. v. Vogt*, 235 S.W.3d 110, 119 (Tenn. 2007)).

Importantly, "[a] case must remain justiciable through the entire course of litigation, including any appeal." *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338 (Tenn. Ct. App. 2005). This particular concern implicates the justiciability doctrine at issue in this case, i.e., the mootness doctrine. "A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy." *Id.* Moreover, "[a] case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Id.* The determination of whether a case is moot is a question of law. *Id.* at 338-39.

Here, the Plaintiffs' lawsuit seeks to address an issue that is no longer a live controversy. As the Defendants have emphasized, the Governor entered an executive order that repealed the complained-of closure requirements. Although the case is now accordingly moot,[1] the Plaintiffs have argued that we should nonetheless proceed to adjudicate the merits of their grievances. It is true that this Court "has the discretion to reach the merits of the appeal in spite of the fact that the case has become moot." *Id.* at 339. In fact, the Tennessee Supreme Court has instructed that we "should consider whether to exercise . . . discretion to apply one of the recognized exceptions to the mootness doctrine" that exist. *Hooker v. Haslam*, 437 S.W.3d 409, 417 (Tenn. 2014). The potential exceptions that are available in a court's discretion may be triggered:

(1) when the issue is of great public importance or affects the administration of justice;
(2) when the challenged conduct is capable of repetition and is of such short duration that it will evade judicial review;
(3) when the primary subject of the dispute has become moot but collateral consequences to one of the parties remain; and
(4) when the defendant voluntarily stops engaging in the conduct.

*Id.* at 417-18.

Although these exceptions may cause a court to properly adjudicate an otherwise moot action in a given case pursuant to its discretion, "[o]ur judicial heritage speaks to restraint in addressing issues when the parties do not have a continuing, real, live, and substantial interest in the outcome." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 210 (Tenn. 2009). Therefore, "as a general rule, Tennessee's appellate courts should dismiss appeals that have become moot regardless of how appealing it may be to do otherwise." *Id.* As discussed below, we find it appropriate

---

[1] As a technical matter, this case became moot prior to the filing of the notice of appeal. As the Plaintiffs set out in their reply brief, "the Executive Orders directly controlling Plaintiffs' business were repealed on May 22, 2020, the day that the Motion to Dismiss was heard by the trial court, but before any pronouncement was made or order was issued."

- 3 -

to yield to the general rule in the case at bar.

Indeed, having considered the potential exceptions that exist to the mootness doctrine, we are of the opinion that this case does not warrant us to exercise our discretion so as to reach the merits of the appeal. As to the exception referenced above dealing with matters of "great public importance," i.e., the "public interest exception," case law instructs that our discretion is to be guided by the following considerations:

> (1) the public interest exception should not be invoked in cases affecting only private rights and claims personal to the parties;
> (2) the public interest exception should be invoked only with regard to "issues of great importance to the public and the administration of justice";
> (3) the public interest exception should not be invoked if the issue is unlikely to arise in the future; and
> (4) the public interest exception should not be invoked if the record is inadequate or if the issue has not been effectively addressed in the earlier proceedings.

*Id.* at 210-11 (internal footnotes omitted).

As noted, the public interest exception should not be invoked "if the issue is unlikely to arise in the future." *Id.* at 210. In our opinion, such a consideration countenances against the application of this exception and the exercise of our discretion to hear the merits of the appeal. Although Tennesseans' daily lives have changed in many ways since the onset of the COVID-19 pandemic, life in general has slowly been shifting back to a more "normal" state over the past several months. Businesses have been re-opening, and vaccinations are now widely available. There is no reasonable expectation in our view that the Governor will again close roller-skating rinks such that the Plaintiffs will be subjected to the complained-of requirements in the future.[2] *See Beshear v. Acree*, 615 S.W.3d 780, 824 (Ky. 2020) ("[G]iven the advancement of knowledge of COVID-19 and the ongoing attempts to balance that knowledge with keeping the economy open, no reasonable expectation exists that Florence Speedway will again be subject to the initially challenged business restrictions."). This consideration, therefore, does not warrant an exception to the general rule of mootness. *See Consumer Advocate Div. of the Office of Atty. Gen. v. Tenn. Regulatory Auth.*, Nos. M2004-01481-COA-R12-CV, M2004-01482-COA-R12-CV, M2004-01485-COA-R12-CV, 2006 WL 249511, at *12 (Tenn. Ct. App. Feb. 1, 2006) (indicating that retention of a moot case should occur "only under exceptional circumstances where the public interest clearly appears").

---

[2] It is noteworthy that the complained-of closure requirements were removed well before much of the recent progress was made in getting back to "normality." Indeed, the requirements were lifted *over a year ago*.

- 4 -

The same type of consideration forecloses application of the "capable of repetition yet evading review" exception. *See Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204 (noting an exception to the mootness doctrine can exist "when the challenged conduct is capable of repetition and of such short duration that it will evade judicial review"). Such an exception is invoked "only in exceptional cases," *Consumer Advocate Div. of the Office of Atty. Gen.*, 2006 WL 249511, at *10, and parties requesting a court to invoke the exception must demonstrate, among other things, that there is "a reasonable expectation that the official acts that provoked the litigation will occur again." *Id.* (quoting *Nicely*, 182 S.W.3d at 340). "A mere theoretical possibility that an act might reoccur is not sufficient" to invoke the exception. *Id.* (quoting *Nicely*, 182 S.W.3d at 340).

As for the "collateral consequences" exception to the mootness doctrine, the Plaintiffs simply argue that they incurred a loss of revenue due to the closure requirements in the Governor's former executive orders. Respectfully, we fail to understand how judicial resolution of the Plaintiffs' underlying lawsuit would impact this concern or provide any indirect redress to it. The Plaintiffs do not offer any explanation regarding this point in their briefing on appeal, and as such, we fail to comprehend what value a resolution of the merits of the case could hold as to this issue.

The last potential exception to the mootness doctrine relates to circumstances where the "defendant voluntarily stops engaging in the conduct." *Hooker*, 437 S.W.3d at 417-18. According to the Plaintiffs, we should retain the appeal because it was the Governor's conduct—his repeal of the closure requirements—that mooted the controversy. As with the other potential exceptions, we conclude that the considerations of this case do not warrant us to exercise our discretion to entertain the merits of the appeal.

We have previously noted that "the rationale behind the voluntary cessation exception to the mootness doctrine is to prohibit a litigant from *temporarily* ceasing its wrongful conduct in order to frustrate judicial review, only to resume such conduct after the case has been dismissed as moot." *Melton v. City of Lakeland*, No. W2018-01237-COA-R3-CV, 2019 WL 2375431, at *3 (Tenn. Ct. App. June 5, 2019). A finding of mootness is not foreclosed simply because a defendant's voluntary conduct is what removed the live controversy. *See Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 205 (noting that the United States Supreme Court "has determined that a case may be dismissed as moot when it is absolutely clear that the allegedly wrongful conduct cannot be reasonably expected to recur"). Moreover, the Tennessee Supreme Court has noted that when a case has become moot based on the cessation of conduct by a governmental entity or official, as occurred here, courts may "require the opposing party to demonstrate why the proceeding should not be dismissed for mootness." *Id.* at 206. In any event, this Court has recently endorsed the notion that the bar for showing mootness is lower when a governmental entity's conduct is at issue, quoting favorably to the approach taken by the Sixth Circuit in *Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019):

Although the bar is high for when voluntary cessation by a private party will moot a claim, the burden in showing mootness is lower when it is the government that has voluntarily ceased its conduct. When a private party has voluntarily ceased its alleged illegal conduct, the Supreme Court has explained that "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). We have noted, however, "that 'cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties' and that '[the government's] self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.'" *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 981 (6th Cir. 2012) (quoting *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990)). As the Ninth Circuit has commented, government action receives this solicitude because courts assume "that [the government] acts in good faith." *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018) (citation omitted). Namely, we presume that the same allegedly wrongful conduct by the government is unlikely to recur. *See Friends of the Earth*, 528 U.S. at 189, 120 S. Ct. 693. *See also* 13C Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. JURIS. § 3533.7 (3d ed. 2008) ("Courts are more likely to trust public defendants to honor a professed commitment to changed ways; individual public defendants may be replaced in office by new individuals, with effects that have little parallel as to private defendants; remedial calculations may be shaped by radiations of public interest; administrative orders may seem to die or evolve in ways that leave present or future impact unclear."). We have employed this solicitude for both legislative and non-legislative governmental actions. *See Hanrahan v. Mohr*, 905 F.3d 947, 961-62 (6th Cir. 2018); *Ammex, Inc. v. Cox*, 351 F.3d 697, 705 (6th Cir. 2003).

*Shaw v. Metro. Gov't of Nashville & Davidson Cty.*, No. M2019-01926-COA-R3-CV, 2021 WL 515887, at *5 (Tenn. Ct. App. Feb. 11, 2021) (quoting *Speech First*, 939 F.3d at 767-68).

In the present case, there is no indication that the repeal of the closure requirements was animated in any way by a desire to thwart judicial review, and consistent with the discussion above, there does not exist any reasonable expectation in our view that the Governor will reinstate the requirements as part of the State's response to COVID-19. The complained-of requirements were repealed over a year ago, and as noted, businesses are now reopening, vaccinations are widely available, and citizens are continuing to get back to more "normal" lives.

In the exercise of our discretion, we decline to reach the merits of this appeal. Given

this conclusion, we vacate the trial court's judgment and remand the case to the trial court with instructions that it enter an order dismissing the case on grounds of mootness. *See Nicely*, 182 S.W.3d at 342 ("[W]e vacate the order dismissing the Native American parties' petition for failure to state a claim for which relief can be granted and remand the case with directions to enter an order dismissing the petition as moot."); *McIntyre v. Traughber*, 884 S.W.2d 134, 138 (Tenn. Ct. App. 1994) ("The ordinary practice in disposing of a case that has become moot on appeal[3] is to vacate the judgment and remand the case with directions that it be dismissed.").

## CONCLUSION

For the reasons stated herein, we vacate the trial court's judgment and remand the case for dismissal of the complaint in light of its mootness.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[3] As mentioned in a previous footnote, this case technically became moot prior to the filing of the notice of appeal.